UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY WISMAN,

       **Plaintiff,**

                           **CASE NO.:**

THE BLU HALO ST PETE LLC, and
ANDY DONATO, individually,

       **Defendant.**

_____/

## Complaint and Demand For Jury Trial

Plaintiff, TIFFANY WISMAN ("Plaintiff", "Ms. Wisman"), by and through undersigned counsel, hereby sues Defendant, THE BLU HALO ST PETE LLC ("The Blu Halo") and ANDY DONATO ("Defendant Donato", "Mr. Donato"), individually, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for: Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*; and under the Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*, 42 U.S.C. § 2000*e et seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over the claims under Florida common law and the FCRA, because

those claims are so related to the Title VII, claims that they form part of the same case and controversy.

3.  Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in Pinellas County, Florida.

### PARTIES

4.  Plaintiff is a resident of Pinellas County, Florida and worked for Defendant in Pinellas County, Florida.

5.  Defendant The Blu Halo is a Florida corporation operating a restaurant out of Pinellas County, Florida and Leon County, Florida.

6.  Defendant Andy Donato, upon information and belief, is a resident of Pinellas County, FL, and/or conducted business in Pinellas County, FL.

### GENERAL ALLEGATIONS

7.  Plaintiff has satisfied all conditions precedent, or they have been waived.

8.  Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.  Plaintiff requests a jury trial for all issues so triable.

10.  At all times material hereto, Plaintiff was an employee of Defendant The Blu Halo within the meaning of Title VII and the FCRA.

11.  At all times material hereto, The Blu Halo employed fifteen (15) or more employees. Thus, The Blu Halo is an "employer" within the meaning of Title VII and the FCRA.

2

## ADMINISTRATIVE EXHAUSTION

12.     On August 1, 2025, Plaintiff dual filed a charge of discrimination against The Blu Halo, with the Equal Employment Opportunity Commission (EEOC) for discrimination.

13.     Plaintiff's charge of discrimination was timely filed with the EEOC, within the requisite time period after Defendant discriminated against Plaintiff under Title VII and the FCRA by creating a hostile work environment and constructively terminating Plaintiff's employment and retaliated against her by mocking Plaintiff, subjecting her to further abuse, and forcing her to resign.

14.     On or around August 11, 2024, the EEOC issued a Notice of Right to Sue on Plaintiff's charge of discrimination.

15.     Plaintiff sufficiently exhausted her administrative remedies through her dual filing of a charge of discrimination with the EEOC, after which she received the EEOC's Notice of Right to Sue.

## FACTS

*Ms. Wisman's Employment with Defendant*

16.     In February of 2025, Ms. Wisman was hired as restaurant manager for a new restaurant to be opened in St. Petersburgh, The Blu Halo.

17.     Ms. Wisman assisted in setting up the restaurant prior to opening, including hiring personnel and performing other administrative tasks.

18.     At all times relevant hereto, Defendant Donato was Ms. Wisman's direct supervisor for Defendant The Blu Halo.

3

19.    Ms. Wisman was paid a salary by The Blu Halo.

20.    During the same time period, Ms. Wisman observed that Defendant Donato acted inappropriately towards female candidates, asking them questions such as "Are you married?," "Do you have kids?," or "Are you moving in with someone?"

21.    These questions were acknowledged by Defendant Donato himself as inappropriate ("I know I shouldn't be asking you these questions") but he proceeded anyway.

22.    Defendant Donato also requested to preview candidates based on appearance, and made derogatory comments about women he didn't find attractive.

23.    Defendant Donato also made it clear that he would not hire women when he found them to be unattractive, but that he did not demand similar standards of attractiveness from male applicants.

24.    Defendant Donato frequently spoke about women in a crude sexual manner, describing their bodies in explicit terms, in front of Ms. Wisman or to Ms. Wisman, including when he observed female passerby's who just returned from the gym and regarding Ms. Wisman's acquaintances.

25.    On another occasion, Defendant Donato expressed anger towards a woman he was discussing with Ms. Wisman for having a baby.

26.    During this same time period, Ms. Wisman also observed a pattern of bitterness and aggressive conduct toward women in Andy's behavior and how he spoke about women.

*March 4, 2025 Incident*

27.    On March 4, 2025, Ms. Wisman was subjected to a violent and traumatic assault by her direct supervisor, Mr. Andy Donato, in an enclosed elevator.

28.    Mr. Donato instructed Ms. Wisman to urgently dispose of several items.

29.    Ms. Wisman listed the items at low prices, and, when no buyers responded, informed Mr. Donato that donation might be the only viable option.

30.    At that point, Mr. Donato sent Ms. Wisman another item to sell, again without any guidance or pricing suggestions.

31.    Ms. Wisman listed the item for $50 and had multiple buyers lined up to pick it up promptly.

32.    After the item was listed, Mr. Donato asked that Ms. Wisman raise the price, at which point Ms. Wisman advised him that the change would be visible on the item's profile and she did not want to do this.

33.    When Mr. Donato learned that the item was sold, he became enraged and began yelling at her while in close proximity in an elevator. As he was yelling, his spit was impacting directly on Ms. Wisman's face.

34.    Mr. Donato repeatedly physically punched the elevator wall in close proximity to Ms. Wisman multiple times while yelling and spitting in close proximity to her.

35.    He crumpled and threw money at her, which struck her in the chest.

36.    Mr. Donato's actions caused Ms. Wisman to fear being struck and to otherwise fear for her safety.

5

37. Right after the incident, Ms. Wisman shared what had occurred with another employee of The Blu Halo. This employee responded that Mr. Donato had a history of unprofessional outbursts that had driven other employees, often young college students, to walk out mid-shift.

*Defendant's improper and inadequate response to the incident*

38. Right after the incident, Ms. Wisman addressed it with Defendant Donato directly, but he did not apologize and did not state that it will not happen again.

39. Instead, Defendant Donato disparaged Ms. Wisman for speaking about his abusive behavior, calling her "an emotional woman" and "fragile."

40. He also accused her of not being able to handle workplace conflict because of her gender and emotional response.

41. These comments reflect sex-based stereotypes and were used to undermine her professional competence.

42. Ms. Wisman immediately reported the incident to Mr. Keith Paniucki, the majority partner of The Blu Halo, copying Defendant Donato via a detailed email and follow-up messages.

43. Ms. Wisman sent a detailed 6-page email (see attached) to both Andy and Keith Paniucki (majority investor) describing the incident and requesting help.

44. Despite her clear request for guidance and intervention, no action was taken by the company, and no HR support was provided.

6

45.     This failure to act constitutes negligence and a disregard for employee safety.

46.     Mr. Donato's and Blu Halo's failure to assure Ms. Wisman that the matter would be addressed contributed to Ms. Wisman having a genuine fear of returning to work.

47.     As a result of the incident, Ms. Wisman was forced to leave her position at The Blu Halo on March 10, 2025.

**COUNT I – TITLE VII VIOLATION**
**(GENDER DISCRIMINATION)**
*(The Blu Halo)*

48.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

49.     Plaintiff is a member of a protected class under Title VII.

50.     Plaintiff was subjected to disparate treatment on the basis of her gender. Defendant failed to take remedial action when Plaintiff complained about the discrimination.

51.     Defendant knew of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

52.     Defendant's actions were willful and done with malice.

53.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands:
a.  A jury trial on all issues so triable;

7

b. That process issue and that this Court take jurisdiction over the case;

c. An injunction restraining continued violation of Title VII by Defendant;

d. Compensation for lost wages, benefits, and other remuneration;

e. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f. Any other compensatory damages, including emotional distress, allowable at law;

g. Punitive damages;

h. Prejudgment interest on all monetary recovery obtained.

i. All costs and attorney's fees incurred in prosecuting these claims; and

j. For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
## (HOSTILE WORK ENVIRONMENT)
### *(The Blu Halo)*

54. Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

55. Plaintiff is a member of a protected class under Title VII.

56. The Blu Halo, through its managing partner Andy Donato, subjected Plaintiff to hostile and unwelcome conduct based on her sex, including inappropriate comments, hostile behavior, assault, and physical intimidation.

8

57. Plaintiff reported the incident and her concerns to both Defendant Donato and Keith Paniucki, but received no response or support, and no HR resources were provided.

58. Defendant's failure to take corrective action and the continued hostile environment created by Defendant Donato's conduct in violation of Title VII of the Civil Rights Act of 1964.

59. Defendant's actions were willful and done with malice.

60. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

b. A jury trial on all issues so triable;

c. That process issue and that this Court take jurisdiction over the case;

d. An injunction restraining continued violation of Title VII by Defendant;

e. Compensation for lost wages, benefits, and other remuneration;

f. Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

g. Any other compensatory damages, including emotional distress, allowable at law;

h. Punitive damages;

i. Prejudgment interest on all monetary recovery obtained.

j. All costs and attorney's fees incurred in prosecuting these claims; and

k. For such further relief as this Court deems just and equitable.

9

## COUNT III – FCRA VIOLATION
## (GENDER DISCRIMINATION)
### *(The Blu Halo)*

61.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

62.    Plaintiff is a member of a protected class (female) under the FCRA.

63.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her gender.

64.    Defendant' actions were willful and done with malice.

65.    Plaintiff was injured due to Defendant' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a.  A jury trial on all issues so triable;

b.  That process issue and that this Court take jurisdiction over the case;

c.  Compensation for lost wages, benefits, and other remuneration;

d.  Front pay;

e.  Any other compensatory damages, including emotional distress, allowable by law;

f.  Punitive damages;

g.  Prejudgment interest on all monetary recovery obtained.

h.  All costs and attorney's fees incurred in prosecuting these claims; and

i.  For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HOSTILE WORK ENVIRONMENT)
### *(The Blu Halo)*

62.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

63.    Plaintiff is a member of a protected class (female) under the FCRA.

64.    The Blu Halo, through its managing partner Andy Donato, subjected Plaintiff to hostile and unwelcome conduct based on her sex, including inappropriate comments, hostile behavior, assault, and physical intimidation.

65.    Plaintiff reported the incident and her concerns to both Defendant Donato and Keith Paniucki, but received no response or support, and no HR resources were provided.

66.    Defendant's actions were willful and done with malice.

67.    Plaintiff was injured due to Defendant' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

b. A jury trial on all issues so triable;

c. That process issue and that this Court take jurisdiction over the case;

d. Compensation for lost wages, benefits, and other remuneration;

e. Front pay;

f. Any other compensatory damages, including emotional distress, allowable by law;

g. Punitive damages;

h. Prejudgment interest on all monetary recovery obtained.

11

i.  All costs and attorney's fees incurred in prosecuting these claims; and

j.  For such further relief as this Court deems just and equitable.

## COUNT V –ASSAULT
### (The Blu Halo)

72.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein.

73.    At all relevant times, Defendant Donato was an employee, agent, or representative of The Blu Halo, acting within the scope of his employment or agency.

74.    On or about March 4, 2025 Defendant Donato intentionally and unlawfully threatened Plaintiff with imminent bodily harm.

75.    Ms. Wisman was trapped in an elevator while Defendant Donato punched the walls and screamed at her.

76.    Ms. Wisman feared imminent physical harm and had no means of escape.

77.    Defendant Donato's behavior was intentionally threatening, causing Ms. Wisman to fear for her safety.

78.    Defendant Donato's actions created a reasonable apprehension in Plaintiff that Defendant Donato was about to inflict harmful or offensive contact.

12

79. Defendant Donato had the apparent ability to carry out the threat at the time it was made.

80. Plaintiff did not consent to Defendant Donato's conduct.

81. As a direct and proximate result of Defendant The Blu Halo's actions, Plaintiff suffered emotional distress, fear, and other damages.

82. Defendant The Blu Halo subsequently ratified Defendant Donato's conduct.

83. Defendant The Blu Halo's conduct was willful, wanton, and malicious, entitling Plaintiff to an award of punitive damages.

*WHEREFORE*, Plaintiff demands:

    a. A jury trial on all issues so triable;

    b. That process issue and that this Court take jurisdiction over the case;

    c. Compensation for compensatory damages including medical expenses, lost wages, and pain and suffering damages;

    d. Punitive damages;

    e. Prejudgment interest on all monetary recovery obtained, and

    f. All costs and attorney's fees incurred in prosecuting these claims.

### COUNT VI – ASSAULT
**(Defendant Donato)**

84. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

85.     On or about March 4, 2025, Defendant Donato intentionally and unlawfully threatened Plaintiff with imminent bodily harm.

86.     Ms. Wisman was trapped in an elevator while Defendant Donato punched the walls and screamed at her.

87.     Ms. Wisman feared imminent physical harm and had no means of escape.

88.     Defendant Donato's behavior was intentionally threatening, causing her to fear for her safety.

89.     Defendant Donato's actions created a reasonable apprehension in Plaintiff that Defendant was about to inflict harmful or offensive contact.

90.     Defendant Donato had the apparent ability to carry out the threat at the time it was made.

91.     Plaintiff did not consent to Defendant Donato's conduct.

92.     As a direct and proximate result of Defendant Donato's actions, Plaintiff suffered emotional distress, fear, and other damages.

93.     Defendant Donato's conduct was willful, wanton, and malicious, entitling Plaintiff to an award of punitive damages.

        *WHEREFORE*, Plaintiff demands:

             a.  A jury trial on all issues so triable;

    b.  That process issue and that this Court take jurisdiction over the case;

    c.  Compensation for compensatory damages including medical expenses, lost wages, and pain and suffering damages;

    d.  Punitive damages;

    e.  Prejudgment interest on all monetary recovery obtained, and

    f.  All costs and attorney's fees incurred in prosecuting these claims.

## COUNT VII –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(The Blu Halo)*

94.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

95.    The Blu Halo owed Plaintiff a duty to exercise reasonable care in supervising employees, keeping their premises safe, and maintaining a safe work environment.

96.    The Blu Halo breached that duty through negligent acts or omissions, including but not limited to failing to take reasonable steps to subjecting her, through its agent Defendant Donato, to an assault, as described above, and failure to protect Ms. Wisman after she reported the incident.

97.    As a direct and proximate result of The Blu Halo's negligence, Plaintiff was placed at immediate risk of physical harm and suffered severe emotional distress.

98.    Plaintiff's emotional distress was serious and of a nature that no reasonable person could be expected to endure it.

15

99. The company's inaction and lack of HR support exacerbated her distress

100. The Blu Halo knew or should have known that their conduct would likely cause emotional harm to Plaintiff.

101. Plaintiff has suffered damages including emotional pain, mental anguish, and other non-economic losses.

*WHEREFORE*, Plaintiff demands:

a. A jury trial on all issues so triable;

b. That process issue and that this Court take jurisdiction over the case;

c. Compensation for compensatory damages including medical expenses, lost wages, and pain and suffering damages;

d. Punitive damages;

e. Prejudgment interest on all monetary recovery obtained, and

f. All costs and attorney's fees incurred in prosecuting these claims.

## COUNT VIII –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### *(Defendant Donato)*

112. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

113. Defendant Donato owed Plaintiff a duty to exercise reasonable care in supervising employees and maintaining a safe work environment.

16

114. Defendant Donato breached that duty through negligent acts or omissions, including but not limited to in assaulting Plaintiff as described above and subjecting her to further ridicule when she complained of the assault.

115. As a direct and proximate result of Defendant Donato's negligence, Plaintiff was placed in immediate risk of physical harm and suffered severe emotional distress.

116. Plaintiff's emotional distress was serious and of a nature that no reasonable person could be expected to endure it.

117. Defendant Donato knew or should have known that his conduct would likely cause emotional harm to Plaintiff.

118. Plaintiff has suffered damages including emotional pain, mental anguish, and other non-economic losses.

*WHEREFORE*, Plaintiff demands:

a. A jury trial on all issues so triable;
b. That process issue and that this Court take jurisdiction over the case;
c. Compensation for compensatory damages including medical expenses, lost wages, and pain and suffering damages;
d. Punitive damages;
e. Prejudgment interest on all monetary recovery obtained, and
f. All costs and attorney's fees incurred in prosecuting these claims.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

17

Dated this 7th day of November, 2025.

Respectfully submitted,

/s/ Elena Komsky
**Elena Komsky**
Florida Bar. No.: 116000
**CANTRELL SCHUETTE, P.A.**
401 E. Jackson Street, Ste. 2340
Tampa, FL, 33602
(813) 705-6275
ekomsky@lawcantrell.com
paralegal2@lawcantrell.com
*Attorneys for Plaintiff*